NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NICHOLAS E. PURPURA,

*Plaintiff,*

v.

JP MORGAN CHASE, ET AL.,

*Defendants.*

Civ. Action No. 16-3765 (JMV) (LDW)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on a motion for reconsideration filed by Plaintiff Nicholas E. Purpura ("Plaintiff"). D.E. 69. Plaintiff moves the Court to reconsider its April 18, 2018 Opinion and Order, D.E. 66, 67, dismissing Plaintiff's Amended Complaint. The Court reviewed all submissions[1] made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion for reconsideration is **DENIED**.

**I. BACKGROUND**

On June 27, 2016, Plaintiff filed his original Complaint. D.E. 1. On March 24, 2017, the Court entered an Opinion and Order dismissing the Complaint. D.E. 41, 42. On April 20, 2017, Plaintiff filed an Amended Complaint. D.E. 44. On April 18, 2018, the Court entered an Opinion

---

[1] Plaintiff's Amended Complaint will be referred to hereinafter as "Am. Compl." D.E. 44; Plaintiff's brief in support of his motion for reconsideration will be referred to hereinafter as "Pl. Br." D.E. 69; Defendants' brief in opposition will be referred to hereinafter as "Defs. Opp." D.E. 70; Plaintiff's brief in reply will be referred to hereinafter as "Pl. Reply." D.E. 71. Plaintiff's supplemental letter will be referred to hereinafter as "Pl. Supp." D.E. 72.

(the "Opinion") and Order dismissing Plaintiff's Amended Complaint with prejudice. D.E. 66, 67. On April 30, 2018 Plaintiff filed the motion for reconsideration presently before the Court. D.E. 69. On May 21, 2018, Defendants filed a brief in opposition to Plaintiff's motion, D.E. 70, to which Plaintiff replied on May 29, 2018, D.E. 71. On July 30, 2018, Plaintiff submitted a supplemental letter to the Court titled "Plaintiff's New Found Evidence." D.E. 72.

## II. RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. ANALYSIS

### A. The Court's March 18, 2018 Opinion

In its Opinion, the Court dismissed Plaintiff's re-pleaded claims under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"); Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") because Plaintiff failed to remedy the defects specifically identified by the Court in his original Complaint. Opinion at 8-10.[2] The Court also considered claims Plaintiff brought for the first time in his Amended Complaint: a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.* ("CFA"); common law fraud; and equitable estoppel. The Court found that each of these claims relied on Plaintiff's contention that there was an invalid assignment of Plaintiff's mortgage. The Court noted that borrowers do not have standing to sue for alleged illegal assignments of their mortgages. Opinion at 11 (citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *Perez v. Jpmorgan Chase Bank, N.A.*, No. 14-2279, 2016 WL 816752, at *3 (D.N.J. Feb. 29, 2016)). Accordingly, the Court dismissed Plaintiff's claims with prejudice pursuant to Rule 12(b)(1). Opinion at 15. In addition, because Plaintiff was proceeding *pro se*, the Court also considered whether Plaintiff's new claims were adequately pled. Opinion at 15-22. The Court found that Plaintiff failed to plausibly plead any of his new claims and also dismissed the claims with prejudice pursuant to Rule 12(b)(6). *Id.*

---

[2] Plaintiff did not attempt to re-plead his Civil RICO claims in his Amended Complaint. Opinion at 11 ("The last claim that was dismissed without prejudice in the Court's Original Opinion was Plaintiff's civil RICO claim. . . . Plaintiff does not attempt to re-plead [that claim]."). Nevertheless, in an abundance of caution, the Court analyzed whether Plaintiff's Amended Complaint included facts that could plausibly constitute a civil RICO claim. The Court concluded that Plaintiff failed to plausibly state a claim for civil RICO violations. *Id.* at 15-17.

3

### B. Plaintiff's Motion for Reconsideration

Plaintiff's motion does not argue that there has been an intervening change in law. Instead, Plaintiff argues that reconsideration is necessary because the Court "erred in the reasoning behind the Opinion and Order." Pl. Br. at 1. In sum, Plaintiff reiterates essentially the same, and somewhat confusing and rambling, arguments made in his previous submissions. For the reasons explained below, Plaintiff fails to demonstrate that the Court made any clear error of law. Plaintiff also recently submitted a letter, alleging "new found" evidence, but the evidence was previously available to Plaintiff.

First, Plaintiff fails to substantively address the Court's holding that Plaintiff lacks standing to challenge the assignment of his mortgage. Plaintiff instead repeats his previous arguments that Defendants did not legally acquire Plaintiff's mortgage.[3] Plaintiff contends that because Defendants did not have the legal right to enforce the mortgage, Defendants must refund all of Plaintiff's mortgage payments. Pl. Br. at 9. The Court has already rejected these arguments. In sum, Plaintiff admits that he was in default, Pl. Br. at 7, and he never alleges that he was required to pay more than the amount due on his mortgage. Therefore, Plaintiff lacks standing to bring his claims. *See, e.g., Gilarmo v. U.S. Bank NA ex rel. CSAB Mortg. Backed Tr. 2006-1*, 643 F. App'x 97, 101 (3d Cir. 2016) (holding that a plaintiff lacked standing when "she admits that she took out the loan, that she is in default, and she does not argue that she ever paid more than the amount due

---

[3] For example, Plaintiff contends that "Chase did not/does not 'own' Plaintiff's obligation, and Chase now owes Plaintiff refund of ALL payments of Principal and Interest made by Plaintiff since the invalid, unauthorized, and improper 'modification' of Plaintiff's loan." Pl. Br. at 9. Later Plaintiff claims that "Chase allegedly 'purchased' mortgage loans from the FDIC out of the WAMU failure, but there is no schedule of what loans were purchased, no assignments, no allonges, no endorsements, nothing that transferred ownership from WAMU to Chase." *Id.* at 10. As noted in the previous Opinion, Plaintiff lacks standing to challenge the assignment or transfer of his mortgage because he has suffered no injury in fact. *See, e.g., Bauer v. Mortg. Elec. Registration Sys., Inc.*, 618 F. App'x 147, 149 (3d Cir. 2015).

on her loan"). With this motion, Plaintiff simply seeks a "second bite at the apple" with the same arguments already rejected by the Court.

Second, notwithstanding Plaintiff's lack of standing, the Court's Opinion also held that Plaintiff's Amended Complaint failed to plausibly plead any of his claims. Opinion at 15-22. Plaintiff fails to address any of the elements of his specific claims in his current motion for reconsideration. Rather, Plaintiff's entire argument is directed at his contention that Defendants did not have the legal right to enforce his mortgage. The Court finds that Plaintiff fails to identify any clear error of law made by the Court.

Plaintiff also submitted a letter to the Court on July 30, 2018, almost two months after the return date for Plaintiff's motion for reconsideration, entitled "Plaintiff's New Found Evidence." D.E. 72. The letter, however, references information that was available to Plaintiff at the time his motion was filed. Plaintiff's opposition to Defendants' motion to dismiss was filed on June 20, 2017, D.E. 48, and the Court dismissed Plaintiff's Amended Complaint on April 18, 2018. D.E. 66. Generally, "it is improper to introduce new exhibits with a motion for reconsideration, unless the exhibits were somehow unavailable when the original motion was decided." *Panarello*, 2016 WL 3638108, at *8; *see Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011) ("We have made clear that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." (quotations and citations omitted)). Plaintiff makes no effort to explain why the substantive information in the supplemental letter was unavailable to him when he filed his opposition to Defendants' motion to dismiss on June 20, 2017 or when he filed his motion for

reconsideration on April 30, 2018.[4]  Accordingly, this information is not "newly discovered" evidence and will not be considered by the Court.  Nevertheless, even if the Court were to consider Plaintiff's supplemental letter, it would not change the Court's ruling.  Plaintiff again references allegedly illegal assignments or transfers of his mortgage interest.  *See* Pl. Supp. at 1-4.  As the Court has repeatedly held, Plaintiff has no standing to bring claims based on these allegations.

In sum, Plaintiff provides the same arguments the Court previous rejected in his previous filings.  Plaintiff also fails to address the fact that the Court's Opinion alternatively dismissed the Amended Complaint's claims for failing to plausibly state a claim.  Accordingly, because Plaintiff fails to fulfill his burden of showing a clear error of law or that there is newly-discovered evidence that is in fact new and would change the Court's analysis, Plaintiff's motion for reconsideration is denied.

---

[4] The letter references a foreclosure complaint filed on July 23, 2018 in the Superior Court of New Jersey, Chancery Division, Monmouth Division. Pl. Supp. at 1. Plaintiff states that he was served with the complaint on July 24, 2018. *Id*. at 2. However, all of the information referenced in Plaintiff's letter, including the information from this complaint, is information that was available to Plaintiff prior to the filing of his opposition to Defendants' motion to dismiss the Amended Complaint and available to him before he filed his current motion for reconsideration. While the complaint itself is new, the information contained therein is not. Accordingly, Plaintiff's supplemental submission is improper and will not be considered. *Blystone*, 664 F.3d at 416-17.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 6th day of August, 2018,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 69) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Plaintiff by both regular mail and certified mail with return receipt.

_____
John Michael Vazquez, U.S.D.J.